

1  Jason Kuller, NV Bar No. 12244
2  Rachel Mariner, NV Bar No. 16728
   RAFII & ASSOCIATES, P.C.
3  1120 N. Town Center Dr., Ste. 130
   Las Vegas, Nevada 89144
4  Phone: 725.245.6056
5  Fax: 725.220.1802
   jason@rafiilaw.com
6  rachel@rafiilaw.com
7  *Attorneys for Plaintiff*

8

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN SCHAAF, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | COLLECTIVE ACTION COMPLAINT FOR: |
| NELLIS AUCTION HOLDINGS, LLC, a domestic limited liability company; CRET LLC a/k/a NELLIS AUCTION, a domestic limited liability company; NELLIS AUCTION ARIZONA LLC, a foreign limited liability company; NELLIS AUCTION COLORADO, LLC, a foreign limited liability company; NELLIS AUCTION NEW JERSEY, LLC, a foreign limited liability company; NELLIS AUCTION TEXAS, LLC, a foreign limited liability company; and DOES 1 through 50, inclusive, | 1) Failure to Pay Overtime in Violation of the FLSA, 29 U.S.C. § 207 |
| | CLASS ACTION COMPLAINT FOR: |
| | 2) Failure to Pay Overtime in Violation of NRS 608.018 |
| | 3) Failure to Pay All Wages Due and Owing in Violation of NRS 608.020-050 |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

1
**CLASS & COLLECTIVE ACTION COMPLAINT**

Plaintiff Stephen Schaaf, on behalf of himself and all others similarly situated, alleges as follows:

1. This is a class and collective action for unpaid wages and overtime, liquidated damages, attorneys' fees, costs, and interest under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") and Nevada Revised Statutes ("NRS") Chapter 608.

2. All allegations in this Complaint are based on information and belief except for those allegations pertaining specifically to Plaintiff, which are based on Plaintiff's personal knowledge.

3. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## PARTIES

4. Defendant NELLIS AUCTION HOLDINGS, LLC ("Nellis Holdings"), is a Nevada limited liability company registered and licensed to do business under Nevada law.

5. Defendant CRET LLC a/k/a NELLIS AUCTION ("Nellis Nevada") is a Nevada limited liability company registered and licensed to do business under Nevada law.

6. Defendant NELLIS AUCTION ARIZONA LLC ("Nellis Arizona") is a foreign limited liability company based in Arizona.

7. Defendant NELLIS AUCTION COLORADO, LLC ("Nellis Colorado") is a foreign limited liability company based in Colorado.

8. Defendant NELLIS AUCTION NEW JERSEY, LLC ("Nellis New Jersey") is a foreign limited liability company based in New Jersey.

9. Defendant NELLIS AUCTION TEXAS, LLC ("Nellis Texas") is a foreign limited liability company based in Texas.

10. Nellis Holdings, Nellis Nevada, Nellis Arizona, Nellis Colorado, Nellis

New Jersey, Nellis Texas, and Does 1-50 are collectively referred to herein as "Nellis," "Nellis Auction," or "Defendants."

11. The identities of Does 1-50 ("Doe Defendants") are unknown at this time, and this Complaint will be amended at such a time when Plaintiff learns of their identities. Plaintiff is informed and believes that each of the Doe Defendants is responsible in some manner for the acts, omissions, or representations alleged herein.

12. At all relevant times, Plaintiff STEPHEN SCHAAF was employed by Nellis Nevada as a non-exempt hourly employee in Clark County, Nevada.

13. "FLSA Class Members" are all current and former hourly workers employed by Nellis in Nevada, Arizona, Colorado, New Jersey, Texas, or elsewhere in the United States within three years before the filing of this Complaint until the date of judgment (the "FLSA Class Period").

14. "Nevada Class Members" are all current and former hourly workers employed by Nellis Nevada or Nellis Holdings in the State of Nevada within four years before the filing of this Complaint until the date of judgment (the "Nevada Class Period").

15. FLSA Class Members and Nevada Class Members are collectively referred to herein as "Class Members."

16. Any reference in this Complaint to "Defendant," "Defendants," "Doe Defendants," "Nellis Auction," or "Nellis" shall mean "Defendants and each of them."

## ALTER EGOS, AGENCY, AND CONSPIRACY

17. Plaintiff incorporates and realleges all paragraphs above.

18. At all relevant times, Nellis Holdings or Nellis Nevada retained ultimate control over the policies, operations, decisions, and direction of Nellis Arizona, Nellis Colorado, Nellis New Jersey, and Nellis Texas.

19. To the extent Defendants are or were business entities separate from each other, there exists such a unity of interest and commonality of control, including commingling of funds, lack of adequate capitalization, failure to maintain proper

3
**CLASS & COLLECTIVE ACTION COMPLAINT**

books and records, and additional omissions, that there truly is no separation or distinction among Defendants. Defendants' business entities are and were mere instrumentalities, shells, and alter egos of each other such that adherence to the fiction of a separate business entity should be ignored and the entities treated as though they were one and the same.

20. At all relevant times, each Defendant was an agent, employee, joint-venturer, shareholder, director, member, co-conspirator, alter ego, master, or partner of other Defendants, and at all times mentioned herein were acting within the scope and course and in pursuance of his, her, their, or its agency, joint venture, partnership, employment, common enterprise, or actual or apparent authority in concert with other Defendants.

21. At all relevant times, the acts and omissions of Defendants concurred and contributed to the various acts and omissions of other Defendants in proximately causing the complaints, injuries, and damages alleged herein. At all relevant times, Defendants approved of, condoned, or otherwise ratified each and every one of the acts or omissions complained of herein. At all relevant times, Defendants aided and abetted the acts and omissions of other Defendants thereby proximately causing the damages herein alleged.

22. At all relevant times, Defendants are or were jointly and severally liable for all injuries and damages alleged herein.

## JURISDICTION AND VENUE

23. Plaintiff incorporates and realleges all paragraphs above.

24. The Court has jurisdiction over Plaintiff's collective action overtime claim under the FLSA, 29 U.S.C. § 216(b), which states: "An action to recover the liability prescribed … may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

25. Because Plaintiff's FLSA claim arises under federal law, the Court has federal question jurisdiction pursuant to 28 U.S.C §1331.

26. In addition, the Court has supplemental jurisdiction over Plaintiff's Nevada state-law claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact regarding Defendants' unlawful treatment of Plaintiff, and form part of the same case and controversy.

27. Venue is proper in this Court because Plaintiff resided and worked for Defendants within this judicial district, and the events and omissions giving rise to Plaintiff's claims occurred within this judicial district. *See* 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

28. Plaintiff incorporates and realleges all paragraphs above.

29. Nellis Auction is an online auction platform that specializes in liquidating retail returns, overstock, and discontinued items from major retailers (collectively "Merchandise").

30. Nellis Auction's Merchandise is stored at warehouses in Nevada, Arizona, Colorado, New Jersey, and Texas.

31. From approximately April 14, 2022, until approximately April 28, 2023, Mr. Schaaf was employed by Nellis Nevada as a "Picker" at its North Las Vegas warehouse.

32. Mr. Schaaf and other Pickers were tasked with accurately and efficiently "picking" Nellis Auction Merchandise to fulfill customer orders.

33. Mr. Schaaf's starting compensation was $17 per hour, which had increased to $20 per hour at the time of his separation from employment.

34. In addition to their hourly wage rate, Mr. Schaaf and other hourly workers earned non-discretionary bonuses, incentives, and performance pay (collectively "Performance Pay") based on their job performance.

35. For example, during the pay period between April 3 and April 9, 2023, Mr. Schaaf earned Performance Pay totaling $84.50. *See* attached **Exhibit A**.

36. During that same pay period, Mr. Schaaf also worked 5:23 hours of overtime. *See id.* These overtime hours were compensated at 1 ½ times Mr. Schaaf's then-current hourly wage rate of $20 per hour. *See id.* Specifically, Mr. Schaaf's overtime hours were compensated at $30 per hour. *See id.*

37. Mr. Schaaf's overtime rate was thus based exclusively on his hourly wage rate – instead of his "regular rate" of compensation including his Performance Pay.

38. By calculating and paying overtime based solely on the hourly rate of pay – instead of the regular rate of pay – Nellis Auction systematically underpaid overtime to Mr. Schaaf and other hourly non-exempt employees.

39. Upon information and belief, Nellis Auction maintains an unlawful company-wide policy of failing to calculate and pay overtime based on the legally-mandated "regular rate."

40. At all relevant times, Mr. Schaaf and Class Members worked over 40 hours per workweek without being paid overtime based on the regular rate of pay.

## NEVADA CLASS ALLEGATIONS

41. Plaintiff incorporates and realleges all paragraphs above.

42. Plaintiff brings this action on behalf of himself and Nevada Class Members ("the Nevada Class") as a class action under Nevada Rule of Civil Procedure 23.

43. At all relevant times, Plaintiff and Nevada Class Members were each an "employee" within the meaning of Nevada law. *See* NRS 608.010.

44. At all relevant times, Nellis Auction was an "employer" of Plaintiff and Nevada Class Members within the meaning of Nevada law. *See* NRS 608.011.

45. At all relevant times, Nellis Auction implemented, maintained, and enforced an unlawful overtime policy that deprived Plaintiff and Nevada Class Members from being paid for all overtime owed based on their regular rate of pay.

46. Nellis Auction had a duty, as well as the financial ability, to compensate

Plaintiff and Nevada Class Members for all overtime hours worked based on the regular rate of pay, but willfully, knowingly, or intentionally failed to do so in order to save money or increase profits or both.

47. Nellis Auction continues to maintain an unlawful company-wide policy or practice of depriving non-exempt employees of their full overtime wages.

48. To date, neither Plaintiff nor Nevada Class Members have been paid all overtime wages or other damages owed by Nellis Auction.

49. Class treatment of Nevada Class Members is appropriate under Rule 23 for the following reasons:

    A. ***Numerosity***: Nevada Class Members are so numerous that joinder would be impractical, and the disposition of their claims on a class (rather than individual) basis will conserve resources of the parties and judicial system. While the number of Nevada Class Members is unknown at this time, this information can be readily ascertained from Defendants' business records. Upon information and belief, Defendant employs, or has employed, over 100 Nevada Class Members during the Class Period.

    B. ***Commonality***: Common questions of law and fact exist and predominate as to Plaintiff and Nevada Class Members, including, but not limited to: (1) whether Nellis Auction's overtime policy is legal under Nevada law; (2) whether Nellis Auction failed to pay Plaintiff and Nevada Class Members 1 ½ times the regular rate of pay for each overtime hour worked; and (3) whether Plaintiff and Nevada Class Members have been paid all wages due and owing upon separation from employment.

    C. ***Typicality:*** Plaintiff's claims are typical of the claims of Nevada Class Members because Plaintiff and Nevada Class Members were subject to the same employment policies and practices of Nellis Auction during the Class Period, and each of them sustained damages. Proof of a common or single state of facts will therefore establish the right of Plaintiff and Nevada Class Members

to recover.

D. ***Adequacy:*** Plaintiff will fairly and adequately represent the interests of Nevada Class Members because Plaintiff is himself a Nevada Class Member and has the same legal and factual issues as Nevada Class Members and has no interests antagonistic to Nevada Class Members. Plaintiff has retained legal counsel competent and experienced in class actions, including labor and employment litigation. Plaintiff and him counsel are aware of their fiduciary responsibilities to Nevada Class Members and are determined to discharge those duties diligently by vigorously seeking the maximum possible recovery for Nevada Class Members.

E. ***Superiority:*** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal rounding policy and practice. Class action treatment will permit a relatively large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the prosecution of individual lawsuits by each Nevada Class Member would present the risk of inconsistent and contradictory judgments, along with the potential for establishing inconsistent standards of conduct for Defendant and other state employers. Consequently, an important public interest will be served by addressing this matter as a class action.

50. Plaintiff reserves the right to modify or redefine "Nevada Class Members" for purposes of this action and to add subclasses as appropriate based on further investigation, discovery, and theories of liability.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

51. Plaintiff incorporates and realleges all paragraphs above.

52. Plaintiff also brings this action as a collective action on behalf of himself

and similarly-situated FLSA Class Members ("the FLSA Class") pursuant to 29 U.S.C. § 216(b).

53. At all relevant times, Plaintiff and FLSA Class Members were each an "employee" within the meaning of the FLSA. *See* 29 U.S.C. § 203(e), (g).

54. At all relevant times, Defendant was an "employer" of Plaintiff and FLSA Class Members within the meaning of the FLSA. *See* 29 U.S.C. § 203(d), (g).

55. Plaintiff and FLSA Class Members are similarly situated based on the same factors of commonality, typicality, and adequacy enumerated above.[1] *See* ¶ 49 *supra*.

56. Upon information and belief, Nellis Auction employs, or has employed, over 400 putative FLSA Class Members during the FLSA Class Period.

57. For purposes of providing notice to putative FLSA Class Members, the names, addresses, email addresses, and phone numbers of FLSA Class Members are readily available from Defendants. Timely notice of the pendency of this FLSA collective action along with a consent to join form can and should be provided to FLSA Class Members by mail or email, along with posting and distributing copies at Nellis Auctions' offices and warehouse locations.

58. Plaintiff is informed, believes, and thereon alleges that more than 100 putative FLSA Class Members will sign and file consents to join the FLSA collective action.

59. Pursuant to 29 U.S.C. §§ 216(b) and 256, Plaintiff hereby consents to sue Defendants for violations of the FLSA and become a member of the FLSA Class. (*See* 29 U.S.C. §§ 216(b), 256.) Plaintiff's consent to sue is attached hereto as **Exhibit B**.

60. FLSA Class Members and Nevada Class Members overlap such that members of the Nevada Class may be members of the FLSA Class, and vice versa.

---

[1] Unlike a Rule 23 class action, an FLSA collective action does not require a showing of numerosity or superiority.

Plaintiff himself is a member of both the Nevada Class and the FLSA Class.

61. Plaintiff reserves the right to modify or redefine "FLSA Class Members" for purposes of this action and to add subclasses as appropriate based on further investigation, discovery, and theories of liability.

## FIRST CAUSE OF ACTION

## Failure to Pay Federal Overtime

### (On Behalf of Plaintiff and FLSA Class Members)

62. Plaintiff incorporates and realleges all paragraphs above.

63. The FLSA provides that "[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times *the regular rate* at which he is employed." 29 U.S.C § 207(a)(1) (emphasis added).

64. Here, at all relevant times, Nellis Auction failed to pay one and one-half times the applicable regular rate of pay for all hours worked over 40 by Plaintiff and FLSA Class Members in any given workweek.

65. Nellis Auction's failure to pay overtime to Plaintiff and FLSA Class Members was and is a willful violation of the FLSA. Nellis Auction knew or should have known that overtime was calculated and paid based on the applicable regular rate of pay.

66. Wherefore, Plaintiff and FLSA Class Members demand payment by Defendant at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours a week during the FLSA Class Period, plus an additional equal amount as liquidated damages, together with attorney's fees, costs, and interest as provided by law.

///

## SECOND CAUSE OF ACTION

## Failure to Pay State Overtime

### (On Behalf of Plaintiff and Nevada Class Members)

67. Plaintiff incorporates and realleges all paragraphs above.

68. In relevant part, NRS 608.018(1) requires an employer to "pay 1 1/2 times an employee's regular wage rate whenever an employee…works: (a) More than 40 hours in any scheduled week of work…."

69. For employees making 1 1/2 times the minimum wage rate (or above), NRS 608.018(2) requires an employer to "pay 1 ½ times an employee's *regular wage rate* whenever an employee…works more than 40 hours in any scheduled workweek." (emphasis added).

70. Here, at all relevant times, Nellis Auction failed to pay 1 1/2 times the applicable "regular wage rate" for for all hours worked by Plaintiff and Nevada Class Members over 40 per workweek as required by NRS 608.018.

71. Nellis Auction's failure to pay overtime to Plaintiff and Nevada Class Members was and is a willful violation of Nevada law. Nellis Auction knew or should have known that its overtime policies and practices were unlawful.

72. Wherefore, Plaintiff and Nevada Class Members demand payment by Nellis Auction at one and one-half times their "regular wage rate" for all hours worked over 40 hours in a workweek, together with attorney's fees, costs, and interest as provided by law.

## THIRD CAUSE OF ACTION

## Failure to Timely Pay All Wages Due

### (On Behalf of Plaintiff and Nevada Class Members)

73. Plaintiff incorporates and realleges all paragraphs above.

74. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

75. NRS 608.030 similarly provides that an employee who resigns or quits must be paid within seven days or on the next regular payroll date, whichever earlier occurs.

76. NRS 608.040(1) states that "Within 3 days after the wages or compensation of a discharged employee becomes due; or…[o]n the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30 days, whichever is less."

77. NRS 608.050 grants a "lien" to every employee separated from employment for the purpose of collecting any wages or compensation due and owing, including up to 30 additional days of compensation "without rendering any service therefor."

78. Here, by failing to compensate Plaintiff and Nevada Class Members separated from employment for all overtime hours worked based on the applicable regular rate of pay, Nellis Auction has failed to timely remit all wages due and owing to Plaintiff and Nevada Class Members separated from employment.

79. Wherefore, Plaintiff and Nevada Class Members demand up to thirty (30) days wages according to proof pursuant to NRS 608.040 and NRS 608.050, together with attorney's fees, costs, and interest as provided by law.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of Class Members and all others similarly situated, prays for relief as follows:

1. For damages, according to proof, of overtime compensation at one and one-half times the regular rate of pay for all hours worked over 40 in a week pursuant to NRS 608.018 or 29 USC § 207;

2. For up to 30 days of wages, according to proof, pursuant to NRS 608.040 and NRS 608.050 for Plaintiff and Nevada Class Members separated from employment;

3. For liquidated (double) damages pursuant to 29 U.S.C. § 216(b) on behalf of Plaintiff and FLSA Class Members;

4. For an order certifying this action as a class action under Federal Rule of Civil Procedure 23 on behalf of Nevada Class Members;

5. For an order conditionally certifying this action as a collective action under the FLSA on behalf of FLSA Class Members;

6. For an order appointing Plaintiff as class representative and his counsel as class counsel for Nevada Class Members and FLSA Class Members;

7. For reasonable attorneys' fees authorized by statute, common law, or equity;

8. For costs of suit incurred herein;

9. For pre-judgment and post-judgment interest at the maximum legal rate; and

10. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: April 9, 2025         **RAFII & ASSOCIATES, P.C.**

By:  */s/ Jason Kuller*
JASON KULLER
Of Counsel
*Attorneys for Plaintiff*



# EXHIBIT A

# EXHIBIT A

4/14/2023

Stephen Schaaf   **864.63

Eight hundred sixty four and 63/100********************************************************************

Stephen Schaaf
10217 Torrey Valley Ct
Las Vegas NV 89135
United States

**CRET LLC - Series 2012-2, Nellis Auction NV, 7440 Dean Martin Suite 204, Las Vegas NV 89139, United States, Phone: null**

| Stephen Schaaf | | | *******1874 | | 4/3/2023-4/9/2023 | 4/14/2023 |
|---|---|---|---|---|---|---|
| **Earnings** | | | | | **Taxes and Deductions** | |
| Description | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| Wages | 40:00 | 20.00 | 800.00 | 10,833.00 | Medicare Employee | 14.95 | 212.17 |
| Overtime | 5:23 | 30.00 | 161.70 | 2,022.90 | Social Security Employee | 63.92 | 907.21 |
| Health Insurance | 0:00 | 47.51 | 47.51 | 712.65 | Federal Income Tax | 87.53 | 1,254.71 |
| Performance Pay | 1:00 | 84.50 | 84.50 | 604.25 | Health Insurance Withhol... | 5.28 | 79.20 |
| Accrued PTO - H... | 0:00 | | 0.00 | 600.00 | Dental/Vision/Ortho With... | 9.89 | 148.35 |
| Accrued STO - H... | 0:00 | | 0.00 | 600.00 | Bank of America ####31 | 864.63 | 12,258.51 |
| Holiday Pay NV | 0:00 | | 0.00 | 200.00 | | | |
| Health Ins. Empl... | 0:00 | -47.51 | -47.51 | -712.65 | | | |

**Accrued Time**

| Description | This Period | | Year To Date | |
|---|---|---|---|---|
| | Used | Accrued | Used | Available |
| Sick | 0 | 0.00 | 30.00 | 10.00 |
| Vacation | 0 | 0.00 | 30.00 | 26.00 |

| **This Period** | | | **Year To Date** | | |
|---|---|---|---|---|---|
| Earnings | Deductions | Net Pay | Earnings | Deductions | Net Pay |
| $ 1,046.20 | $ 181.57 | $ 864.63 | $ 14,860.15 | $ 2,601.64 | $ 12,258.51 |

**CRET LLC - Series 2012-2, Nellis Auction NV, 7440 Dean Martin Suite 204, Las Vegas NV 89139, United States, Phone: null**

| Stephen Schaaf | | | *******1874 | | 4/3/2023-4/9/2023 | 4/14/2023 |
|---|---|---|---|---|---|---|
| **Earnings** | | | | | **Taxes and Deductions** | |
| Description | Hours | Rate | Amount | YTD | Description | Amount | YTD |
| Wages | 40:00 | 20.00 | 800.00 | 10,833.00 | Medicare Employee | 14.95 | 212.17 |
| Overtime | 5:23 | 30.00 | 161.70 | 2,022.90 | Social Security Employee | 63.92 | 907.21 |
| Health Insurance | 0:00 | 47.51 | 47.51 | 712.65 | Federal Income Tax | 87.53 | 1,254.71 |
| Performance Pay | 1:00 | 84.50 | 84.50 | 604.25 | Health Insurance Withhol... | 5.28 | 79.20 |
| Accrued PTO - H... | 0:00 | | 0.00 | 600.00 | Dental/Vision/Ortho With... | 9.89 | 148.35 |
| Accrued STO - H... | 0:00 | | 0.00 | 600.00 | Bank of America ####31 | 864.63 | 12,258.51 |
| Holiday Pay NV | 0:00 | | 0.00 | 200.00 | | | |
| Health Ins. Empl... | 0:00 | -47.51 | -47.51 | -712.65 | | | |

**Accrued Time**

| Description | This Period | | Year To Date | |
|---|---|---|---|---|
| | Used | Accrued | Used | Available |
| Sick | 0 | 0.00 | 30.00 | 10.00 |
| Vacation | 0 | 0.00 | 30.00 | 26.00 |

| **This Period** | | | **Year To Date** | | |
|---|---|---|---|---|---|
| Earnings | Deductions | Net Pay | Earnings | Deductions | Net Pay |
| $ 1,046.20 | $ 181.57 | $ 864.63 | $ 14,860.15 | $ 2,601.64 | $ 12,258.51 |

# EXHIBIT D

# EXHIBIT D

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

Print Name:  Stephen Schaaf

1. I hereby consent to be a party plaintiff in a collective action lawsuit against **Cret LLC dba Nellis Auction** as well as any other related entities doing business as "Nellis Auction," including **Nellis Auction Arizona LLC**, **Nellis Auction New Jersey LLC**, **Nellis Auction Texas LLC**, and/or any other named defendants ("Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2. I understand this lawsuit seeks to recover unpaid minimum wages, overtime compensation, liquidated damages, attorneys' fees, costs, and other relief available pursuant to the FLSA.

3. I designate the law firm of RAFII & ASSOCIATES, P.C., and any other attorneys with whom they may associate, as my attorneys in this lawsuit to prosecute my FLSA and related claims.

4. I understand I have the right to pursue my claims individually on my own behalf. I agree to serve as the Class Representative if the Court so approves. If someone else serves as Class Representative, then I designate such Class Representative(s) as my agents to make decisions on my behalf concerning the litigation and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at RAFII & ASSOCIATES, P.C., to use this consent to file my claims in a separate lawsuit, class/collective action, or arbitration against Defendants.

Signature: _____   Date: 10-22-24