**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Stephen Schaaf,<br><br>    Plaintiff(s),<br><br>v.<br><br>Nellis Auction Holdings, LLC, et al.,<br><br>    Defendant(s). | Case No. 2:25-cv-00647-JCM-NJK<br><br>**Order**<br><br>[Docket Nos. 99, 100, 103] |

Pending before the Court are Defendants' motion for sanctions, motion to strike, and motion to stay. Docket Nos. 99, 100, 103. The Court **SETS** these motions for an in-person hearing at 2:00 p.m. on February 10, 2026, in Courtroom 3C. Attorney Jason Kuller is **ORDERED** to appear for this hearing. **Failure to appear as ordered will result in the imposition of sanctions, up to and including case-dispositive sanctions**.

In addition, both parties must file simultaneous supplemental briefing on three issues. First, whether the motion for sanctions should be granted as unopposed based on Plaintiff's failure to file a responsive brief. *See* Docket No. 124; *see also* Local Rule 7-2(d). Second, whether Plaintiff waived any procedural argument regarding Rule 11 by not filing a timely responsive brief to the motion for sanctions. *See, e.g.*, *Rector v. Approved Fed. Sav. Bank.*, 265 F.3d 248, 252, 253 (4th Cir. 2001) (holding that safe-harbor argument may be waived if not raised properly).[1] Third, whether a safe-harbor defect has any practical bearing on the outcome of the pending motion for sanctions given that it also relies on the Court's inherent authority and 28 U.S.C. § 1927. The supplemental briefs must not provide argument exceeding the specific issues identified above. The

---

[1] Plaintiff appears to be relying on the safe-harbor provision to oppose the <u>motion to stay</u>, *see* Docket No. 126 at 2, although Plaintiff did not file any opposition brief to the motion for sanctions.

supplemental briefs must be no longer than seven pages.  The supplemental briefs must be filed by noon on January 29, 2026.

IT IS SO ORDERED.

Dated: January 21, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2