**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Stephen Schaaf,

       Plaintiff(s),

v.

Nellis Auction Holdings, LLC, et al.,

       Defendant(s).

Case No. 2:25-cv-00647-JCM-NJK

**Order**

[Docket Nos. 99, 100, 103]

Pending before the Court are Defendants' motion for sanctions, motion to strike, and motion to stay. Docket Nos. 99, 100, 103. The parties filed supplemental briefing. Docket Nos. 129, 130. The Court finds the motions properly resolved without a hearing, *see* Local Rule 78-1, so the hearing that had been set is **VACATED**. For the reasons discussed below, the motions are **DENIED**.

## I.    BACKGROUND

The case has included several instances of improper citation to caselaw by Plaintiff's counsel stemming from over-reliance on artificial intelligence in drafting three briefs. *See* Docket No. 99-1.[1] Defendants raised that issue in responding to the specific briefs through the underlying motion practice. *See* Docket No. 88 at 2 n.1; Docket No. 89 at 5-9; Docket No. 101 at 2. Defendants also filed a stand-alone motion for sanctions and to strike. Docket Nos. 99, 100. Defendants also filed a motion to stay pending resolution of the motion for sanctions. Docket No. 103.

## II.    MOTION TO STRIKE

Defendants seek an order striking certain briefing on earlier motion practice filed at Docket Nos. 82, 85, 93, and 96. *See* Docket No. 100 at 10 n.61. As noted above, Defendants raise the

---

[1] The parties are familiar with the facts and procedural history, so the Court will not provide an extensive background.

same issues in the underlying motion practice. *See* Docket No. 89 at 5-9 (arguing for denial of Docket No. 82 on the same grounds as addressed in the motion to strike); Docket No. 88 at 2 n.1 (arguing that Docket No. 85 contains false legal citations); Docket No. 101 at 2 (arguing that Docket Nos. 93 and 96 should be denied based on incorrect citations). It is not clear why the Court should effectively address the same issue through the instant motion when it is already briefed in the underlying motion practice. As such, this motion to strike will be denied as duplicative.

## III.    MOTION FOR SANCTIONS

Defendants seek case-terminating sanctions. Docket No. 99.[2] As the motion acknowledges, case-dispositive sanctions are limited to extreme situations based on considerations such as prejudice to the opposing party and the unavailability of lesser sanctions. *See, e.g.*, *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960 (9th Cir. 2006). While the Court takes very seriously counsel's duty of candor and competency—including to ensure that they are citing real law—the instant motion does not show that case-dispositive sanctions are warranted in the circumstances described. Indeed, Defendants cite to only one case imposing dismissal sanctions for a litigant's misuse of artificial intelligence in court filings, *see* Docket No. 119, and that case included concerns that the complaint itself was hallucinated, *see ByoPlanet Int'l, LLC v. Johansson*, 792 F. Supp. 3d 1341, 1356 (S.D. Fla. 2025).[3] In this case, Defendants point to incorrect citations in briefing (not in a pleading) that Defendants have already addressed in the underlying briefing itself, such that the issue can be resolved therein. Hence, this case does not involve the type of prejudice

---

[2] Plaintiff's counsel failed to timely oppose the motion. Although the Court has discretion to grant the motion for case-terminating sanctions as unopposed, *see* Local Rule 7-2(d), it declines to do so in the circumstances of this case, *see, e.g.*, *Calzada v. Williamson*, 2025 WL 3720262, at *1 n.2 (D. Nev. Dec. 23, 2025) (explaining discretionary nature of Local Rule 7-2(d), and declining to grant motion for dismissal sanctions as unopposed). As explained below in Section V, however, the Court is not inclined to offer such leniency moving forward.

[3] "The Court believes that dismissal is particularly appropriate in this case because, as Paul admitted, he used AI in generating various *Complaints*, which contain allegations that a District Court must (as a matter of law) take as true for purposes of evaluating a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. The Court is extremely concerned that underlying factual allegations may have been hallucinated or unverified as well, especially considering that Paul used AI in drafting the Complaints and could not assure the Court unequivocally at the hearing that they contain no fabricated allegations." *ByoPlanet*, 792 F. Supp. 3d at 1356 (emphasis in original).

that warrants dismissal sanctions as recognized in the motion itself. *See* Docket No. 99 at 8 (explaining that prejudice warranting dismissal sanctions exists "if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case"). Moreover, the Court is not persuaded that sanctions less severe than dismissal are unavailable in the circumstances of this case and the Court admonishes Plaintiff's counsel below. As such, the Court is not persuaded that case-dispositive sanctions should be imposed.[4]

## IV.    MOTION TO STAY

Defendants filed a motion to stay the case or discovery, pending resolution of their case-dispositive sanctions. Docket No. 103. As explained above, the Court is not persuaded that case-dispositive sanctions are warranted. As such, the motion to stay is moot.

## V.    ADMONISHMENT OF PLAINTIFF'S COUNSEL

The papers allude to potentially significant life events for counsel, *see, e.g.*, Docket No. 73 at 2 (referencing surgery), but that does not excuse the over-reliance on artificial intelligence displayed here. While the Court declines to impose the harshest of sanctions given the circumstances, the Court **ADMONISHES** Plaintiff's counsel (Jason Kuller) for his lapse in his duties as an officer of the Court. Counsel should expect that continuing to engage in this behavior will result in serious sanctions, up to and including case-dispositive sanctions imposed on his clients, monetary sanctions, and referral to the state bar.

In addition to the very serious issue of unverified artificial intelligence usage, Plaintiff's counsel has engaged in a variety of other problematic conduct. For example, Plaintiff failed to comply with the deadline to oppose the motion for case-dispositive sanctions despite receiving multiple extensions and assuring the Court that the responsive brief would be timely filed in accordance therewith. *See, e.g.*, Docket No. 122 at 2 (explaining that "[c]ounsel has no other briefs, meetings, or any other competing commitments tomorrow," such that the final extension

---

[4] Although the pending motion is focused almost exclusively on the request for case-dispositive sanctions, it also makes passing reference to an award of attorney's fees. *See* Docket No. 99 at 10. Defendants having failed to provide meaningfully developed argument for that particular request, the Court declines to award attorney's fees. *Cf. Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

provided would suffice). Plaintiff's counsel also violated the Court's order that the supplemental briefing was required to be limited to the specific issues identified therein. *See* Docket No. 130; *but see* Docket No. 127 at 1 ("The supplemental briefs must not provide argument exceeding the specific issues identified above"). In addition, Plaintiff's counsel plainly casts stones from a glass house in shredding opposing counsel for overly aggressive conduct, while himself engaging in *ad hominem* attacks and including heated argument unrelated to the issues at hand. *See, e.g.*, Docket No. 130 at 2-3; *but see, e.g.*, Local Rule 1-1(c).[5] The Court's patience for such conduct is very thin. Plaintiff's counsel must strictly comply with all orders moving forward and must conduct himself with the professionalism required. Failure to do so may result in the imposition of sanctions.

## VI.   CONCLUSION

For the reasons explained above, the Court **DENIES** Defendants' motion for sanctions, motion to strike, and motion to stay. Docket Nos. 99, 100, 103.

IT IS SO ORDERED.

Dated: January 30, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] The overheated rhetoric is not limited to one side. All counsel would be well-advised to turn down the temperature.