UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Steven Schaaf,<br><br>        Plaintiff(s),<br><br>v.<br><br>Nellis Auction Holdings, LLC, et al.,<br><br>        Defendant(s). | Case No. 2:25-cv-00647-CDS-NJK<br><br>**Order**<br><br>[Docket Nos. 158, 160] |

Pending before the Court is Plaintiff's motion to reopen discovery and, apparently, to also compel discovery. Docket No. 158. Also pending before the Court is Plaintiff's motion to extend *nunc pro tunc* the time for filing the above motion. Docket No. 160. Although Defendant filed a notice of intent to oppose, Docket No. 162, a response is not required. As explained below, these motions are **DENIED**.[1]

## I.    MOTION TO REOPEN DISCOVERY

Plaintiff's motion to reopen discovery suffers from myriad facial deficiencies Reopening discovery is a significant request that requires robust discussion. *See Kangarlou v. Locklear*, 2023 WL 11911798, at *3 (D. Nev. Oct. 26, 2023); *see also, e.g.*, *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (explaining that Rule 16 must "be taken seriously"). The only legal authority in the pending motion is passing reference in the opening sentence to various rules, Docket No. 158 at 2, which is insufficient to meet the most basic requirement of providing points and authorities, *see* Local Rule 7-2(a); *see also, e.g.*, *Kangarlou*, 2023 WL 11911798, at *3 (order denying motion to reopen case management deadlines, citing *Rosetto v. HSBC Bank USA, N.A.*, 2013 WL 2153100, at *2 (D. Nev. May 15, 2013), and explaining that a filing block-quoting a rule does not constitute a memorandum of points and authorities). The motion does not articulate in

---

[1] The Court does not herein endeavor to identify all of the shortcomings in these filings, but rather is providing examples to explain sufficiently why denial is warranted.

meaningful fashion the governing standards, *cf. PlayUp, Inc. v. Mintas*, 2025 WL 315118, at *2-3 & n.4 (D. Nev. Jan. 27, 2025) (identifying standards), and the "argument" section consists of half of a page of text, *see* Docket No. 158 at 5, which fails to provide meaningfully developed argument, *but see Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts do not generally consider arguments raised without meaningful development). The motion rests on the circumstances involving attorney Kuller, *see* Docket No. 158 at 5, but does not acknowledge that at least one other attorney has been engaged in discovery, *see* Docket No. 158-2 (declaration of Robert Montes, Jr.); *see also* Docket No. 70 (order issued on October 10, 2025, granting *pro hac vice* application).[2] Although the motion proffers reasons why discovery was not completed by the discovery cutoff, the motion does not explain why this request for relief from the discovery cutoff was not filed before the expiration of the discovery cutoff. *But see Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017) (holding that the failure to articulate the reason for the delay in seeking relief is enough, standing alone, to find a lack of excusable neglect). For each of these independent reasons, the motion to reopen discovery will be denied.

**II.    MOTION TO COMPEL**

Plaintiff's motion to compel also suffers from facial deficiencies. The motion is presented in the same filing as the motion to reopen discovery. *But see* Local Rule IC 2-2(b). No legal authority of any kind is cited for compelling discovery. *But see* Local Rule 7-2(a). No standards for compelling discovery are outlined and, as best as the Court can discern, the request rests on sentence fragments that Defendants failed to respond to discovery served less than 30 days before the discovery cutoff and that their disclosures are "incomplete," *see* Docket No. 158 at 4, which fails to provide meaningfully developed argument, *but see Kor Media*, 294 F.R.D. at 582 n.3. The motion does not attach the pertinent discovery or disclosures, and any objections thereto. *But see* Local Rule 26-6(b). The conferral efforts appear to turn on a request to confer made on April 24,

---

[2] The motion rests in part on Plaintiff's apparent disagreement with earlier orders, *see, e.g.*, Docket No. 158 at 5, without explaining why Plaintiff did not seek prompt relief as to those orders, *but see, e.g.*, *Ciolino v. Nev.*, 2025 WL 1898385, at *2 (D. Nev. July 9, 2025) (rejecting argument that case management deadlines were entered in error because timely request was not made to address that issue when the underlying order was issued).

2026, and the filing of this motion on that same date without engaging in conferral efforts. *See* Docket No. 158-2 at ¶¶ 14, 16. Meaningful argument is not provided as to how the circumstances satisfy the required conferral obligations. *See, e.g.*, Local Rule 26-6(c). For each of these independent reasons, the motion to compel will be denied.

**III.    MOTION TO EXTEND FILING DEADLINE TO COMPEL DISCOVERY**

In light of the reasoning above, the motion to extend the filing deadline to compel discovery is moot.

**IV.    CONCLUSION**

For the reasons discussed above, the Court **DENIES** without prejudice the motion to reopen discovery and the motion to compel (Docket No. 158), and **DENIES** as moot the motion to extend the filing deadline (Docket No. 160).

IT IS SO ORDERED.

Dated: April 30, 2026

_____
Nancy J. Koppe
United States Magistrate Judge