UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Stephen Schaaf, on behalf of himself and all others similarly situated,

Plaintiff

v.

Cret LLC, et al.,

Defendants

Case No. 2:25-cv-00647-CDS-NJK

**Order Granting Motions for Collective Action and Class Certification**

[ECF Nos. 82, 145]

Plaintiff Stephen Schaaf brings this Fair Labor Standards Act (FLSA) collective action against Cret LLC (a/k/a Nellis Auction), SAC Trust 2, Spencer Chupinsky, Halcyon Third Millenium Trust, Kenneth Chupinsky, and Does 1 through 50. Second am. compl., ECF No. 136. Schaaf moves for a preliminary certification of the collective action to facilitate notice to other workers similarly situated to him with respect to their unpaid overtime claims. Mot., ECF No. 82. The defendants oppose. Opp'n, ECF Nos. 89; Joinders to opp'n, ECF Nos. 90–91. Schaaf also moves for class certification with respect to his state-law claims. Mot., ECF No. 145. The defendants also oppose that motion. Resp., ECF No. 153. For the reasons set forth below, I grant both motions for certification.

## I. Background[1]

As alleged, Nellis Auction is an online auction platform that specializes in liquidating retail returns, overstock, and discontinued items from major retailers. ECF No. 136 at 10. To store this merchandise, Nellis Auction operates warehouses in Nevada, Arizona, Colorado, New Jersey, and Texas. *Id.*

[1] Unless otherwise noted, the court only cites to Schaaf's second amended complaint (ECF No. 136) to provide context to this action, not to indicate a finding of fact.

Schaaf worked as a nonexempt hourly employee at a Nellis Auction warehouse in Las Vegas, Nevada, from April 14, 2022, to April 28, 2023. *Id.* at 2. In addition to his hourly rate, Schaaf earned non-discretionary bonuses, incentives, and performance pay based on their job performance ("performance pay"). *Id.* at 11. But Nellis Auction's payroll system used Schaaf's hourly pay rate as the basis for calculating overtime pay rather than his "regular rate" (i.e., his hourly wage plus performance pay). *Id.* For example, Schaaf was paid $30 per overtime hour—i.e., 1.5 times his hourly wage of $20 per hour. Schaaf argues that this was a systemic error in the payroll programming, as his regular rate should have served as the base calculation for his overtime. By failing to include his performance pay in the overtime calculation, Schaaf argues the defendants violated federal and state employment laws.

In turn, Schaaf initiated this action in federal court on April 10, 2025. ECF No. 1. His second amended complaint asserts three claims: (1) a collective action claim for failure to pay overtime in violation of 29 U.S.C. § 207; (2) a class action claim for failure to pay overtime in violation of NRS 608.018; and (3) a class action claim for failure to pay all wages due and owing in violation of NRS 608.020–.050. ECF No. 136.

Now, Schaaf seeks preliminary certification of his first claim—that is, his collective action claim under the FLSA—to facilitate notice to other workers similarly situated to him with respect to their unpaid overtime claims. ECF No. 82 at 2. He also moves for class certification on his state-law claims pursuant to Rule 23 of the Federal Rules of Civil Procedure (FRCP) on behalf of a class of all non-exempt workers employed by any defendant in the State of Nevada anytime from August 1, 2019, to the date of judgment after trial in this case. ECF No. 145.

## II. Schaaf's motion for preliminary certification regarding his FLSA claim (ECF No. 82) is granted.

### A. Legal standard

The FLSA provides that an employee may maintain an action against her employer on behalf of herself and all other employees who are similarly situated and give written consent. 29 U.S.C. § 216(b). Under the FLSA, "workers may litigate jointly if they (1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018).

"Party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.* at 1117. "At this early stage of the litigation, the district court's analysis is typically focused on a review of the pleadings but may sometimes be supplemented by declarations or limited other evidence." *Id.* at 1109. "The level of consideration is 'lenient'—sometimes articulated as requiring 'substantial allegations,' sometimes as turning on a 'reasonable basis,' but in any event loosely akin to a plausibility standard, commensurate with the stage of the proceedings." *Id.* (citations omitted).

### B. Discussion

Schaaf's motion seeks preliminary certification under step one. That is, pursuant to 29 U.S.C. § 216(b), Schaaf requests that the putative class members be given notice of the action and an opportunity to file written consents to join the class as party-plaintiffs. ECF No. 82 at 2. He argues that such relief is necessary because the defendants will continue to unfairly benefit financially so long as putative class members "remain unaware of their rights and the statute of limitations continues to run on their claims." *Id.*

As for common facts supporting Schaaf's FLSA claim, he contends that Nellis Auction systemically failed to properly factor in performance pay (bonuses based on job performance) and subsequently underpaid overtime to Schaaf and other hourly non-exempt employees. *Id.* at

5–6. He further contends that this miscalculation is programmed into the payroll software that the defendants—who operate locations in five different states—use to pay their employees. *Id.* at 6. Thus, the FLSA violation is systemic and affects all similarly situated employees processed through that system. *Id.*

Upon review of the pleadings, I find that the requirements for preliminary FLSA certification of the following class are met here:

> All current and former hourly employees of any Nellis Auction located in Nevada, Arizona, Colorado, New Jersey, and Texas who were paid bonuses, incentives, or performance pay that was not included in their overtime rate of pay between April 10, 2022, and the date of the Court's order approving notice to Putative Class Members.

In reaching this ruling, I find that the above class of individuals and Schaaf are similarly situated to Schaaf regarding his FLSA claim. *See Campbell*, 903 F.3d at 1100. Specifically, the pleadings show that this class plausibly represents the employees who were allegedly victims of the defendants' unlawful overtime practices. *See id.* at 1109; *see also* ECF No. 136 at 13–15; ECF No. 82 at **5–7.** This is because the pleadings allege a systemic FLSA violation programmed into the Nellis defendants' payroll system, and the class is limited to Nellis Auction employees who were employed between April 10, 2022, and the date of this order. Thus, the class targets Nellis Auction employees who were affected by the allegedly unlawful payroll system and practices. This is sufficient for the class to be deemed "similarly situated" to Schaaf. Accordingly, the motion for certification is granted.

## III. Schaaf's motion for certification regarding his Nevada state-law claims (ECF No. 145) is granted.

### A. Legal standard

FRCP 23(a) imposes an exhaustive list of prerequisites for class certification. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1125 (9th Cir. 2017). Under that rule, "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class

is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Courts must undertake a "rigorous analysis" to determine whether all four prerequisites are met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011).

If the court finds that all four prerequisites are met, then it must examine whether one of the three subdivisions of FRCP 23(b) applies. FRCP 23(b) maintains that a class action that otherwise satisfies FRCP 23(a) will still not proceed unless:

> (1) prosecuting separate actions by or against individual members of the class would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their abilities to protect their interests; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b). In sum, the class action must meet all four requirements of Rule 23(a) and qualify under one of FRCP 23(b)'s three subdivisions in order to proceed. *Briseno*, 844 F.3d at 1125.

**B. Discussion**

Schaaf seeks to certify two classes: (1) an "Overtime Class," which includes "[a]ll current and former nonexempt employees of any Defendant who worked overtime in the state of Nevada and earned non-discretionary bonuses, performance pay, or incentive compensation (collectively "Bonus Pay") at any time during the Class Period"; and (2) a "Penalty Subclass," which includes "[a]ll members of the Overtime Class who, at any time during the Class Period, were terminated or otherwise separated from employment." ECF No. 145 at 2. The "Class Period" refers to "all non-exempt workers employed by any Defendant in the state of Nevada at any time from August 1, 2019, until the date of judgment after trial herein." *Id.*

For both classes,[2] I find that all four prerequisites of FRCP 23(a) are met and that the third subdivision of FRCP 23(b) applies. Thus, the request to certify both classes is granted.

***1. FRCP 23(a) is satisfied because all four prerequisites are met.***

FRCP 23(a) is satisfied here because the action meets all four prerequisites: numerosity, commonality, typicality, and adequacy of representation.

First, the numerosity prerequisite is met because the class is too numerous for joinder to be practicable. Indeed, the class extends to individuals across five different states who were employed by Nellis Auction at any point during the last four years. Within each of these states, multiple brick-and-mortar Nellis Auction warehouses were in operation up to 24 hours a day. *See* ECF No. 145 at 9. In sum, Schaaf alleges that there are potentially hundreds of nonexempt hourly warehouse workers over the four-year Class Period. *Id.* This is sufficient to satisfy the numerosity prerequisite. *See, e.g.*, *Krzesniak v. Cendant Corp.*, 2007 WL 1795703, at *7 (N.D. Cal. June 20, 2007) ("Although there is no exact number, some courts have held that numerosity may be presumed when the class comprises forty or more members.").

---

[2] Because the Penalty Subclass is wholly derivative of the Overtime Class, both classes are collectively referred to as "the class" hereafter.

Second, the commonality prerequisite is met because there are questions of law and fact common to the class. "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" but it "does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart Stores*, 564 U.S. at 350. Rather, commonality requires the individuals' claims to "depend upon a common contention." *Id.* at 350. Such is the case here, as the FLSA violation is systemic; the violation arises from a central payroll system that was allegedly programmed in a way that violates the FLSA. Stated otherwise, the common contention is that the defendants' alleged practice of computing overtime based solely on hourly rates, without including the non-discretionary bonus pay in the regular rate, was unlawful under Nevada law. This contention is "capable of classwide resolution," meaning that "the determination of its truth or falsity will resolve [the] issue that is central to the validity of each one of the [employee's] claims in one stroke." *Id.* Thus, commonality is present.

Third, for the same reasons that the commonality prerequisite is met, so too is the typicality requirement. Under FRCP 23(a)(3), "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Here, Schaaf's claims are typical because he is a nonexempt hourly employee who received bonus pay in weeks during which he also worked overtime, and whose overtime was allegedly calculated by the defendants using the same unlawful formula applied to all class members. Stated otherwise, Schaaf is allegedly one of the many victims of the defendants' unlawfully programmed payroll system. Thus, his claim is "typical" for purposes of FRCP 23(a)(3).

Fourth, the adequacy prerequisite is met because Schaaf will fairly and adequately protect the class's interests. "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. Schaaf contends that "the interests of the representative parties

are fully congruent with the interests of the Class," and "[t]here is no conflict here between Schaaf and Class members." ECF No. 145 at 12. He further contends that "[a]ll have the same claim under the same theory and seek the same relief," and his "individual counterclaim exposure [does not] create an antagonism with other Class members." *Id.* I find that Schaaf and his counsel have actively prosecuted this case by filing timely motions and staying actively engaged in the discovery process. Further, the declarations of Jason Kuller and Robert Montes, Jr., corroborate the experience of Schaaf's counsel. *See* Kuller decl., ECF No. 145-1; Montes decl., ECF No. 145-2. I therefore find that the adequacy prerequisite of FRCP 23(a)(4) is met here.

Because all four prerequisites of FRCP 23(a) are met here, the inquiry turns on whether one of the three subdivisions set forth in FRCP 23(b) applies.

***2. FRCP(23)(b) is satisfied because subsection (b)(3) applies to this action.***

FRCP 23(b)(3) applies to this action because questions of law or fact common to the class members predominate over any questions affecting only Schaaf, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See* Fed. R. Civ. P. 23(b)(3).

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Here, the proposed class is sufficiently cohesive to warrant adjudication by representation because the shared injury is allegedly systemic to the payroll program at Nellis Auction. In the words of the plaintiff, "the central liability issue is entirely a classwide question: Was Defendants' uniform practice of excluding Bonus Pay from the overtime regular rate unlawful?" ECF No. 145 at 14. The answer to this question "does not vary from one employee to another," and it is found "by examining a single corporate payroll policy." *Id.* Accordingly, the predominance requirement is met here.

Further, class action is superior to other available methods for the fair and efficient adjudication of this controversy. This is because the value of each individual claim is too small to

justify the cost of individual litigation, there are no other parallel proceedings to which the class could join to have their claims heard, the class is ascertainable from the defendants' own payroll records, liability is resolved by a single legal question, and damages are computed mechanically.

In sum, the requirements of both Rule 23(b) and Rule 23(a) are met for both classes, so they are hereby certified. Further, the court grants Schaaf's request for equitable tolling of the class period to August 1, 2019, as this date accounts for four years preceding the month in which the defendants fixed their overtime policy but failed to restore unpaid overtime owed to their current and former employees.

## IV. Conclusion

IT IS HEREBY ORDERED that Schaaf's motion for preliminary certification and circulation of notice pursuant to 29 U.S.C. § 216(b) **[ECF No. 82] is GRANTED.** The proposed order granting plaintiff's motion for circulation of notice pursuant to 29 U.S.C. § 216(b) [ECF No. 82-1] is fully adopted and incorporated by reference into this order.

IT IS FURTHER ORDERED that Schaaf's motion for class certification of Nevada state law claims pursuant to Federal Rule of Civil Procedure 23 **[ECF No. 145] is GRANTED.** The Overtime Class and Penalty Subclass are hereby certified, and the Class Period is equitably tolled from August 1, 2019, to the date of judgment after trial in this case.

Dated: September 16, 2026

______________________________
Cristina D. Silva
United States District Judge